IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Action No. 92-cr-00422-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  RUBEN G. ARAGON,

     Defendant.

---

## ORDER

---

     This matter comes before the Court on defendant Ruben Aragon's Writ of Coram Nobis Pursuant to Federal Rule of Crim. P. 36 [Docket No. 61].  The government responded, Docket No. 68, and defendant replied.  Docket No. 69.

     Mr. Aragon requests that the Court "correct the mittimus issued in this case," Docket No. 61 at 1, which the Court interprets as, first, a request to correct a clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36 and, second, a writ of coram nobis to correct a "fundamental error[ ] of law or fact" in the judgment. *See Dickey v. Allbaugh*, 664 F. App'x 690, 694 (10th Cir. 2016) (unpublished).  Mr. Aragon argues that the federal sentence imposed by Judge Daniel B. Sparr in 1997 ran consecutively to a sentence he was serving in Kentucky, but not consecutively to a sentence imposed in Arapahoe County, Colorado case 92CR466.  Docket No. 61 at 1. As a result, Mr. Aragon argues that, upon expiration of his Kentucky sentence, he began serving his federal sentence.  *Id.*

## I.  BACKGROUND

On October 10, 1997, Judge Sparr sentenced Mr. Aragon to 120 months imprisonment in this case.  Docket No. 47 at 2.[1]  At the time he was sentenced, Mr. Aragon had already been sentenced to 40 years imprisonment in a Kentucky case and to 16 years imprisonment in the Arapahoe County case.  Docket No. 46 at 5:4-15.

Mr. Aragon's plea agreement, entered into pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C), stipulated that Mr. Aragon be sentenced to 120 months imprisonment concurrently to the Kentucky case and to the Arapahoe County case.  Docket No. 27 at 2.  At a hearing on September 25, 1997, Judge Sparr informed the parties that he would not accept the stipulated sentence and that he instead intended to sentence Mr. Aragon to a 120-month term of imprisonment that would run consecutively to the Kentucky and Colorado sentences.  Docket No. 46 at 7:14-8:2.  Judge Sparr described the Kentucky and Colorado sentences as one "term of imprisonment."  *Id.* at 4:4-5 ("he is now presently serving a term of imprisonment for the other independent offenses").  Judge Sparr stated:

> I am going to order that the sentence in this case be served consecutively to any other undischarged term of imprisonment that the defendant is currently serving. To do otherwise would simply, in my opinion, make a mockery of this entire proceeding, because to sentence this defendant to 120 months concurrent to sentences he has received – two sentences he has received in another totally different jurisdiction, and the sentence he has received in another jurisdiction in this state, would in effect be no sentence at all.

*Id.* at 7:17-8:2.  Judge Sparr scheduled another hearing to allow Mr. Aragon time to consider whether he wanted to accept the sentence that Judge Sparr indicated would

---

[1] At the time of sentencing, Mr. Aragon was in the custody of the Sheriff of Arapahoe County, Colorado and appeared before Judge Sparr on a writ of habeas corpus ad prosequendum.  Docket No. 43.  Thus, Arapahoe County had primary jurisdiction over Mr. Aragon.

be acceptable to him.  *Id.* at 9:5-23.  Mr. Aragon accepted the sentence.  On October 10, 1997, Judge Sparr sentenced Mr. Aragon.  Docket No. 44 at 1.  The minutes of the sentencing hearing state that Mr. Aragon was sentenced to "120 months consecutive to any other term of imprisonment the defendant is serving."  *Id.* at 3.  The amended judgment states that "[t]he defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 months, to be served consecutive to sentence of imprisonment defendant is presently serving."  Docket No. 47 at 2.

        After the completion of his Kentucky sentence in 2011, *see* Docket No. 61 at 2; Docket No. 68 at 3, ¶ 3, Mr. Aragon was transferred to the custody of the Colorado Department of Corrections ("CDOC") to begin serving his two Colorado sentences.  Docket No. 68 at 3, ¶ 3.[2]  It appears that CDOC believed that the term of imprisonment for Mr. Aragon's first Colorado case – the 16-year sentence – ended in 2013.  *Id.* at 3-4, ¶ 5.  Whether or not this is accurate is a matter of dispute,[3] but, in any event, Mr. Aragon served his Colorado sentences and was released on February 13, 2023 to the Bureau of Prisons to begin serving the federal sentence in this case.[4]

_____

        [2] After the sentencing in this case, Mr. Aragon was convicted in a separate case in Arapahoe County, Colorado, case 92CR2038, and sentenced to 70 years, concurrent to the Kentucky case, to his other Arapahoe County case, and to this case.  Docket No. 68 at 2-3, ¶ 2.
        [3] According to the government, the minutes of Mr. Aragon's sentencing hearing in the first state case, held on June 3, 1997, note that the 16-year sentence was to run consecutive to Mr. Aragon's Kentucky sentence.  Docket No. 68-1 at 4.  But a mittimus prepared by the state court in 2011 at CDOC's request is silent on whether the Colorado sentence was to be served consecutively or concurrently to the Kentucky sentence.  *See* Docket No. 68-3.
        [4] While the record does not reflect the date of transfer from state to federal custody, the Court received a letter from the Bureau of Prisons, dated May 29, 2024, stating that Mr. Aragon entered federal custody on February 13, 2023.  In a motion

## II. ANALYSIS

Federal Rule of Criminal Procedure 36 states that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence." *United States v. Blackwell*, 81 F.3d 945, 948-49 (10th Cir. 1996) (internal citations omitted). A writ of coram nobis allows a court to correct a fundamental error of law or fact in a criminal judgment. *Dickey*, 664 F. App'x at 694.

The Court understands Mr. Aragon to argue that, because the amended judgment in the federal case stated it was to be "served consecutive to sentence of imprisonment defendant is presently serving," Docket No. 47 at 2, and because Mr. Aragon was serving his Kentucky sentence at that time, the federal sentence was meant to be consecutive only to the Kentucky sentence. *See* Docket No. 61 at 1-2. Therefore, Mr. Aragon believes that his federal sentence began to run upon his release from the Kentucky sentence in 2011. *Id.*

As to Mr. Aragon's Rule 36 argument, the Court does not perceive any clerical error that should be corrected. The contemporaneous minutes of the October 10, 1997 sentencing hearing state that the federal sentence is to run consecutively to "any other term of imprisonment." Docket No. 44 at 3. Judge Sparr discussed the Kentucky sentence and the Colorado sentence as one term of imprisonment. Docket No. 46 at 4:4-5. Thus, even though the later amended judgment says "consecutive to sentence of

_____

dated February 14, 2023, Mr. Aragon noted that he was in federal custody. Docket No. 74 at 1.

imprisonment defendant is presently serving," Docket No. 47 at 2, the contemporaneous minutes indicate that the sentence was to run consecutive to "any other term of imprisonment," which included his Colorado sentence. Docket No. 44 at 3. Moreover, even if there is a clerical error in the judgment, its correction would not benefit Mr. Aragon. It is evident from the transcript of the September 25, 1997 hearing and the minutes of the October 10, 1997 hearing that Judge Sparr intended that the federal sentence run consecutively to both his Kentucky sentence and his previously imposed Colorado sentence. Thus, any correction of a clerical error would make that clear.

As to Mr. Aragon's coram nobis argument, the Court finds no fundamental error of law or fact to correct. Mr. Aragon got exactly the sentence that he agreed to accept through his Rule 11(e)(1)(C) plea, namely, a federal sentence that would run consecutively to his Kentucky sentence and to his first Arapahoe County sentence. Any ambiguity in his amended judgment would not justify an order, assuming that one could be fashioned, running his federal sentence concurrently to his Arapahoe County sentence. Rather, it would justify an order clarifying that his federal sentence runs consecutively to his sentence in Arapahoe County. Thus, the Court will deny Mr. Aragon's motion.

Moreover, even if the Court accepted Mr. Aragon's interpretation of the amended judgment to require that Mr. Aragon's sentence run consecutively only to the Kentucky sentence, the Court still could not grant Mr. Aragon the relief that he seeks. A "sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18

U.S.C. § 3585(a).  "A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose."  *Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006).  Mr. Aragon was not received into federal custody until February 13, 2023.  Thus, Mr. Aragon did not begin serving his federal sentence until that date.  Mr. Aragon has not shown that he is statutorily entitled to credit for time served from 2011.

## III.  CONCLUSION

It is therefore

**ORDERED** that the Writ of Coram Nobis Pursuant to Federal Rule of Crim. P. 36 [Docket No. 61] is **DENIED**.  It is further

**ORDERED** that Docket Nos. 62, 70, 74, 75, 76, 80, and 81 are **DENIED**.


DATED March 11, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge